UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - x
                                       )
SECURITIES AND EXCHANGE COMMISSION     )
100 F Street N.E.                      )
Washington, DC 20549                   )
                                       CASE NUMBER  1:05CV02445
           Plaintiff,                  JUDGE: Paul L. Friedman
      v.
                                       DECK TYPE: General Civil
GREGORY N. CHAMPE
           Defendant.                  DATE STAMP: 12/22/2005

- - - - - - - - - - - - - - - - - - - x

Plaintiff Securities and Exchange Commission (the "SEC") alleges as follows:

### NATURE OF THE ACTION

1. This case involves insider trading in the securities of Martek Biosciences Corporation ("Martek") in advance of a negative news announcement. After the close of the market on April 27, 2005, Martek announced publicly that it expected revenues for the next two quarters to be significantly lower than previously forecast. The closing price of Martek's common stock plummeted on this news from $60 per share on April 27 to $32.50 on April 28, 2005, a one day stock drop of 46 percent.

2. Defendant Gregory N. Champe ("Champe") was a Martek Vice President during the relevant period. Champe sold 2,600 shares of Martek common stock on April 26 -- the

day before the negative news announcement – on the basis of material, nonpublic information concerning the company's revenue forecast, thereby avoiding a loss of $71,552. By so doing, Champe violated Section 10(b) of the Securities Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. The SEC brings this action seeking a permanent injunction, disgorgement of ill-gotten gains, prejudgment interest, and a civil insider trading penalty.

## JURISDICTION

3.   This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e) and 78aa]. Defendant has, directly or indirectly, made use of the means or instrumentalities of interstate commerce and/or of the mails in connection with the transactions described in this Complaint.

## DEFENDANT

4.   **Gregory N. Champe** ("Champe"), age 45, has worked for Martek in various capacities from 1997 through the present. Champe was Vice President of Manufacturing in charge of Martek's manufacturing facility in Winchester, Kentucky, during the relevant period. Champe signed a certification acknowledging that he read and understood

Martek's insider trading policy on July 19, 2004. Champe lives in Lexington, Kentucky.

## SUBSTANTIVE ALLEGATIONS

5. Martek Biosciences Corporation ("Martek" or "company") is a publicly-traded Delaware corporation headquartered in Columbia, Maryland. Martek manufactures and sells nutritional oils that are used in infant formula and baby food. The company has a class of securities registered with the Commission pursuant to Section 12(g) of the Exchange Act, and its common stock trades on the Nasdaq Stock Market.

6. Like many publicly-traded companies, Martek provides revenue forecasts in quarterly earnings conference calls. This information is closely watched by investors and analysts. On December 9, 2004, Martek announced publicly that it was forecasting revenues for the fiscal year ending October 31, 2005 ("fiscal year 2005") of between $290 and $310 million. On March 9, 2005, Martek announced that it was forecasting revenues for fiscal year 2005 at the "low end of our previous range."

7. During March and April 2005, Martek senior management realized that the company's revenue forecast would have to be lowered. On April 27, 2005, Martek

announced publicly that it was lowering its revenue forecast for fiscal year 2005 to between $220 and $240 million. The price of Martek's common stock plummeted 46 percent on this news.

8.   Champe first learned that the revenue forecast was going to be lowered at an all-day supply team meeting he attended in person on April 19, 2005 at Martek's corporate headquarters in Columbia, Maryland. At the supply team meeting, Martek's Director of Finance informed the group, including Champe, that the revenue forecast was going to have to be lowered. The Director of Finance estimated at the time that revenues for fiscal year 2005 could be as low as $270 million, but that more work was necessary to button down the exact number.

9.   Champe sold 2,600 shares of Martek common stock the morning of April 26, 2005 at approximately $60 per share on the basis of material, nonpublic information concerning the company's revenue forecast. By selling his stock on April 26, Champe avoided a loss of $71,552 when the revised revenue forecast was announced publicly on April 27, 2005.

**CLAIM FOR RELIEF**

**(Violations of Section 10(b) and
Rule 10b-5 of the Exchange Act)**

10.  Plaintiff SEC hereby incorporates ¶¶ 1 through 9 with the same force and effect as if set out here.

11.  In the manner described in ¶¶ 1 through 10, defendant Champe, in connection with the purchase or sale of securities, by the use of means or instrumentalities of interstate commerce or of the mails, directly or indirectly (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material facts or omissions of material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaged in transactions, practices or courses of business which operated or would operate as a fraud or deceit upon persons.

12.  By reason of the foregoing, defendant Champe violated, and unless restrained will continue to violate, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, the SEC respectfully requests that this Court enter a judgment:

(a)  permanently enjoining defendant Champe and his agents, servants, employees, attorneys-in-fact, and those

in active concert or participation with them, who receive actual notice by personal service or otherwise, from violating Section 10(b) of the Exchange Act [15 U.S.C § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder;

(b) ordering defendant Champe to disgorge his ill-gotten gains, plus prejudgment interest thereon;

(c) ordering defendant Champe to pay a civil insider trading penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78uA]; and

(d) granting such other relief as this Court may deem just and appropriate.

Dated: December 22, 2005

*Reid A. Muoio*
Peter H. Bresnan
Cheryl Scarboro
Reid A. Muoio (RAM-2274)
Attorneys for Plaintiff
Securities and Exchange
   Commission
100 F Street N.E. MS 4010
Washington, D.C. 20549
(tel) 202/551-4488 (Muoio)
(fax) 202/551-9636 (Muoio)