UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

------------------- x
                    )
SECURITIES AND EXCHANGE COMMISSION )
100 F Street N.E.   )
Washington, DC 20549 )
                    )
         Plaintiff, )
    v.              )
                    )
GREGORY N. CHAMPE   )
         Defendant. )
                    )
------------------- x

**CONSENT OF DEFENDANT GREGORY N. CHAMPE**

1. Defendant Gregory N. Champe ("Champe") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Champe admits), Champe hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Champe from violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15

1

    U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and

  (b) orders Champe to pay disgorgement in the amount of $54,825.

  3. Champe acknowledges that the Court is not imposing a civil penalty or requiring payment of full disgorgement and pre-judgment interest based on Champe's sworn representations in his Statement of Financial Condition dated August 23, 2005 and other documents and information submitted to the Commission. Champe further consents that if at any time following the entry of the Final Judgment the Commission obtains information indicating that his representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Champe, petition the Court for an order requiring Champe to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Champe was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission

may move the Court to consider all available remedies, including but not limited to ordering Champe to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment. The Commission may also request additional discovery. Champe may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the complaint; (3) assert that payment of disgorgement, pre-judgment or post-judgment interest, or a civil penalty should not be ordered; (4) contest the amount of disgorgement or pre-judgment or post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

4.  Champe waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.  Champe waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.  Champe enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Champe to enter into this Consent.

7. Champe agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Champe will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Champe waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Champe of its terms and conditions. Champe further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Champe has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Champe in this civil proceeding. Champe acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Champe waives any claim of Double Jeopardy based upon the settlement of this proceeding, including

the imposition of any remedy or civil penalty herein. Champe further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Champe understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Champe understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Champe agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii)

that upon the filing of this Consent, Champe hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Champe breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Champe's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Champe hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Champe to defend against this action. For these purposes, Champe agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Champe agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Champe agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12/14/05

_____
Gregory N. Champe

On Dec 14th, 2005, Gregory N. Champe, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____ (Martin)
Notary Public
Commission expires: 5/11/08

Approved as to form:

_____
Jeffrey F. Robertson
Mayer Brown Rowe & Maw
1909 K Street N.W.
Washington DC 20006-1101
(tel) 202/263-3254
(fax) 202/263-5254
    Attorney for Defendant
    Gregory N. Champe

UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - - - - - - - - x
                                         )
SECURITIES AND EXCHANGE COMMISSION       )
100 F Street N.E.                        )
Washington, DC 20549                     )
                                         )
                Plaintiff,               )
        v.                               )
                                         )
GREGORY N. CHAMPE                        )
                Defendant.               )
                                         )
- - - - - - - - - - - - - - - - - - - - x
```

**FINAL JUDGMENT AS TO DEFENDANT GREGORY N. CHAMPE**

The Securities and Exchange Commission having filed a Complaint and Defendant Gregory N. Champe ("Champe") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Champe and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of

1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

> (a) to employ any device, scheme, or artifice to defraud;
>
> (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
>
> (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Champe is liable for disgorgement of $71,552, representing losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon. Based on Champe's sworn representations in his Statement of Financial Condition dated August 23, 2005, and other documents and information submitted to the Commission, however, the Court is not ordering Champe to pay a civil penalty and payment of all but $54,825 of the disgorgement and pre-judgment interest thereon is waived.

2

Champe shall satisfy this obligation by paying $54,825 within ten business days to the Clerk of this Court, together with a cover letter identifying himself as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Champe shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Champe relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to him. Champe shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United

3

States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the determination not to impose a civil penalty and to waive payment of all but $54,825 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Champe's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Champe's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Champe, petition the Court for an order requiring Champe to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Champe was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including,

but not limited to, ordering Champe to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Champe may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Champe shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE