```
                    UNITED STATES DISTRICT COURT
                             for the
                       DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - - - - x
                                         )
SECURITIES AND EXCHANGE COMMISSION       )
100 F Street N.E.                        )
Washington, DC 20549                     )
                                         )
                        Plaintiff,       )
             v.                          )
                                         )
GREGORY N. CHAMPE                        )
                        Defendant.       )
                                         )
- - - - - - - - - - - - - - - - - - - - x
```

**FINAL JUDGMENT AS TO DEFENDANT GREGORY N. CHAMPE**

The Securities and Exchange Commission having filed a Complaint and Defendant Gregory N. Champe ("Champe") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Champe and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of

1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

>  (a)  to employ any device, scheme, or artifice to defraud;

>  (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

>  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Champe is liable for disgorgement of $71,552, representing losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon. Based on Champe's sworn representations in his Statement of Financial Condition dated August 23, 2005, and other documents and information submitted to the Commission, however, the Court is not ordering Champe to pay a civil penalty and payment of all but $54,825 of the disgorgement and pre-judgment interest thereon is waived.

Champe shall satisfy this obligation by paying $54,825 within ten business days to the Clerk of this Court, together with a cover letter identifying himself as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Champe shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Champe relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to him. Champe shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United

States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the determination not to impose a civil penalty and to waive payment of all but $54,825 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Champe's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Champe's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Champe, petition the Court for an order requiring Champe to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Champe was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including,

but not limited to, ordering Champe to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Champe may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Champe shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE