```
                    UNITED STATES DISTRICT COURT
                             for the
                       DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - - - - x
                                         )
SECURITIES AND EXCHANGE COMMISSION       )
100 F Street N.E.                        )
Washington, DC 20549                     )   1:05-cv-02445-PLF
                                         )
                    Plaintiff,           )
            v.                           )
                                         )
GREGORY N. CHAMPE                        )
                    Defendant.           )
                                         )
- - - - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S UNOPPOSED MOTION FOR PAYMENT TO TREASURY**

Plaintiff Securities and Exchange Commission ("the Commission") files this brief in support of its unopposed Motion for an Order directing payment of funds presently in the Registry of the Court to the United States Treasury.

**I.   SEC COMPLAINT AND CONSENT JUDGMENT**

On December 22, 2005, the Commission filed a complaint against Gregory N. Champe ("Champe") alleging that he engaged in insider trading in the stock of his employer Martek Biosciences Corporation ("Martek" or "company"). The complaint alleged that Champe learned on April 19, 2005 that the company would lower its revenue forecast and that he sold 2,600 shares of Martek common stock on April 26,

2005 at approximately $60 per share on the basis of that material, nonpublic information. The complaint alleged that Champe avoided a loss of $71,552 when the revised revenue forecast was announced publicly on April 27, 2005.

Simultaneously with the filing of the Commission's complaint and without admitting or denying the allegations, Champe consented to the entry of an order enjoining him from violating Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. Champe also consented to disgorge $54,825, representing losses avoided as a result of the conduct alleged in the Complaint and prejudgment interest thereon. On December 28, 2005, this Court entered a final judgment against Champe.

## II.  PROPOSAL FOR PAYMENT TO TREASURY

In accordance with the terms for the Final Judgment, Champe deposited $54,825 into the Registry of the Court on or about January 19, 2006. The Final Judgment allows the Commission to propose a plan for the disposition of the disgorged funds. By the present motion and for the reasons discussed below, the Commission proposes that the Court enter an order directing payment of $54,825, along with any interest earned on that money, to the United States Treasury.

The primary purpose of disgorgement is to prevent a defendant's unjust enrichment, not to compensate investors. SEC v. Cavanagh, 445 F.2d 105, 117 (2d. Cir. 2006); SEC v. Fischback Corp., 133 F.3d 170, 175 (2d. Cir. 1997); SEC v. Wang, 944 F.2d 80, 85 (2nd Cir. 1991). When deciding how to dispose of disgorged funds, courts have broad discretion to approve proposed plans of distribution based on equitable principles. See Fischback Corp., 133 F.3d at 175 (noting discretion); Wang, 944 F.2d at 85 (noting "broad discretionary power" and limit of appellate review).

One method of handling disposition of disgorged funds in a securities fraud case is for the court to appoint a receiver to distribute funds proportionately among victims of the fraud. See generally, e.g., Wang, 944 F.2d at 80-87. However, where distribution of disgorged funds is impracticable and would result in only nominal distributions to victims, courts typically approve plans to deposit the funds into the U.S. Treasury. See e.g. SEC v. Grossman, 2003 WL 133237 *6-7 (S.D.N.Y. Jan. 13, 2003) (disgorgement paid to U.S. Treasury in light of difficulty identifying claimants entitled to funds); SEC v. Lange, 2002 U.S. Dist. Lexis 5118 (E.D. Pa. March 28, 2002) (disgorgement following insider trading scheme paid to U.S. Treasury on grounds that it would be extremely difficult

3

and costly to identify investors and any payments proportionately distributed to claimants would have been nominal); SEC v. Lorin, 869 F. Supp. 1117, 1129 (S.D.N.Y. 1994) ("disgorged proceeds can very well end up in the United States Treasury …where numerous victims suffered relatively small [losses] thereby making distribution of the disgorged profits to them impracticable…"); SEC v. Courtois, No. 84 Civ. 593, Fed. Sec. L. Rep. (CCH) p. 92,000, 1985 WL 489 at *1-2 (S.D.N.Y. April 11, 1985) (disgorgement paid to U.S. Treasury in light of difficulty identifying claimants entitled to funds and likelihood that distribution would result in only nominal payments to victims).

In the present case, depositing the funds disgorged by Champe into the U.S. Treasury is the most reasonable course of action.  During the relevant period, Martek was a heavily traded stock on the NASDAQ. Consequently, the fees and expenses associated with identifying each of the victims of the alleged fraud would be considerable.  In addition, given that Champe has disgorged the relatively modest sum of $54,875, any payments made to individual investors would be nominal.  In view of the amount of the disgorgement, the difficulty and expense involved with locating potential victims, and the likely administrative

4

costs of a distribution, the Commission respectfully requests -- without objection by Champe -- that the disgorged funds, together with any interest accrued thereon, be paid to the U.S. Treasury. A proposed Order granting the Commission's request is attached hereto.

Dated: August 8, 2006

*Reid A. Muoio*

Peter H. Bresnan
Cheryl J. Scarboro
Reid A. Muoio
Brent S. Mitchell

Attorneys for Plaintiff
Securities and Exchange
  Commission
100 F Street NE
Washington, DC 20549-6030

(202) 551-4495 (tel/Mitchell)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of August, 2006, I served the foregoing instrument on all adverse parties by causing a true and correct copy to be sent by Federal Express to:


Jeffrey F. Robertson
Mayer, Brown, Rowe & Maw LLP
1909 K Street NW
Washington, DC  20006-1101
Tel: 202-263-3000